```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DISH NETWORK, L.L.C.,

            Plaintiffs,

     -v-                                           No. 12 Civ. 4155 (LTS)(KNF)

AMERICAN BROADCASTING COMPANIES,
INC. et al.,

            Defendants.
--------------------------------------------------------x
```

MEMORANDUM OPINION AND ORDER

Before the Court is a motion by NBCUniversal Media, L.L.C. ("NBCU"), seeking an order pursuant to 28 U.S.C. § 1404(a), transferring DISH Network L.L.C.'s ("Dish") sole remaining claim against NBCU to the Central District of California. NBCU further requests that, upon such transfer, the Court dismiss NBCU's counterclaims in this action, without prejudice, in favor of the affirmative breach of contract claims that NBCU has interposed in the action titled NBC Studios, LLC, et al. v. Dish Network Corporation and Dish Network L. L.C., No. 12 Civ 4536, in the Central District of California (the "California Action"). The Court has thoroughly considered the parties' arguments. For the following reasons, NBCU's motion is granted in full.

BACKGROUND

The subject matter of this suit is discussed more fully in the Court's July 9, 2012, decision in this action, Dish Network, L.L.C. v. Am. Broad. Companies, Inc., 12 Civ. 4155(LTS), 2012 WL 2719161 (S.D.N.Y. July 9, 2012) (the "July 9 Order"). Familiarity with that decision is presumed.

On May 24, 2012, Dish filed this action against American Broadcasting Companies, Inc. ("ABC"), CBS Corp. ("CBS"), NBCU,[1] and several Fox entities (collectively "Fox" and, together with CBS/NBCU, "Defendants" or the "Networks") seeking a declaratory judgment that its "Auto Hop" technology does not infringe the Networks' copyrights or breach its license agreements with those entities. Hours later, the Defendants filed suits in the United States District Court for the Central District of California, alleging that Dish's PrimeTime Anytime ("PTAT") and "Auto Hop" television programming recording and playback services infringe the Networks' programming copyrights; Fox, additionally, alleged that the services violated its licensing agreement with Dish.

Dish moved to enjoin the prosecution of the California actions. Fox then moved to dismiss Dish's declaratory judgment action as an improper anticipatory suit, and CBS/NBCU moved to dismiss, transfer, or stay Dish's action. In its July 9 Order, the Court found that Dish's declaratory judgment action was an improper anticipatory filing and dismissed it with respect to all claims against Fox. The Court also dismissed Dish's copyright claims against CBS/NBCU, holding that CBS/NBCU, as the "natural plaintiff," was entitled to pursue its affirmative claims of infringement in the California action. However, the Court declined to dismiss the claims against CBS/NBCU premised on the breach of the licensing agreement because those were not the subject of coercive litigation in California. 2012 WL 2719161, at *6.[2]

On July 30, 2012, Dish answered NBCU's complaint in the California Action, and

---

[1] CBS Corporation and NBCUniversal Media are collectively referred to throughout as "CBS/NBCU."

[2] On September 4, 2012, Judge Gee of the Central District of California granted Dish's motion to dismiss and transfer the CBS case to the Southern District of New York.

pled as an affirmative defense that "DISH and its subscribers were authorized and/or licensed by the Plaintiffs, to engage in the allegedly infringing conduct." (Declaration of Jane G. Stevens ("Stevens Decl."), Ex. A, at 9.) Thereafter, NBCU amended its complaint in the California Action to assert affirmative claims against Dish for breach of its Retransmission Agreement with Dish.

On August 14, 2012, Dish amended its complaint in this action to provide additional details about the contracts that it claims have not been breached by PTAT and AutoHop. On August 28, 2012, simultaneously with the filing of the instant motion to transfer, NBCU answered Dish's amended complaint and asserted counterclaims for breach of contract that are, in substance, identical to the claims that it asserted in its amended complaint in the California Action.

Thereafter, Dish moved to dismiss the breach of contract claims that NBCU had included in its amended complaint in the California action, arguing that those claims were "properly only compulsory counterclaims in the New York action," and that the July 9 Order mandated that the contract claims proceed in the Southern District of New York. (Pl.'s Memo. at 5-8, NBCU v. Dish Network Corp., et. al., No. 12 Civ. 4536(C.D. Cal.), docket entry no. 41-1.) On November 8, 2012, Judge Gee of the Central District of California denied Dish's motion to dismiss NBCU's complaint in that action, holding that interests of judicial economy and convenience weighed heavily in favor of allowing the contract claims and copyright claims to proceed in a single forum. See Order of Nov. 8, 2012 at 5, NBCU v. Dish Network Corp., et. al., No. 12 Civ. 4536(C.D. Cal.).

## DISCUSSION

Section 1404(a) of Title 28 permits a district court to transfer any civil action to

another district where it might have been brought, where such transfer is "[f]or the convenience of the parties and witnesses, [or] in the interest of justice." 28 U.S.C. § 1404(a) (West 2010); Whitehaus Collection v. Barclay Prods., Ltd., No. 11 Civ. 217(LBS), 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011).

There is no dispute that NBCU's claims against Dish for breach of contract could have been brought in the Central District of California. Having satisfied that threshold inquiry, the Court must evaluate the following factors in determining whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Morris v. Ernst & Young, LLP, No. 12 Civ. 838(KMW), 2012 WL 3964744, at *3 (S.D.N.Y. Sept. 11, 2012) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)). The party requesting transfer "carries the burden of making out a strong case for transfer." N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)) (internal quotation marks omitted). District courts "have broad discretion in making determinations of convenience under Section 1404(a)" and "notions of convenience and fairness [must be] considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

Given that NBCU's breach of contract claims will proceed in the California Action, judicial economy and the interests of justice weigh overwhelmingly in favor of transfer. Numerous courts have recognized that transfer is appropriate when two cases involving the same

issues are simultaneously pending in different district courts.  See, e.g., Eres N.V. v. Citgo Asphalt Ref. Co., 605 F. Supp. 2d 473, 483 (S.D.N.Y. 2009); Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent.").  "[T]he benefits for consolidating related cases in a common forum are often substantial.  Such consolidation may advance the strong policy interests of achieving efficient pretrial discovery, avoiding duplicative litigation, and avoiding inconsistent results." Am. S.S. Owners Mut. Prot. & Indemn. Association v. American Boat Co., No. 11 Civ. 6804, 2012 WL 1382278, at *3 (S.D.N.Y. Apr. 20, 2012).

      Dish offers the following in support of its claim that the balance of convenience factors favor allowing the contract claim to proceed in New York: (1) of the four witnesses NBCU has identified, two are in New York and only one is in Los Angeles; (2) NBCU headquarters – and thus many of its documents and witnesses – are located in New York; and (3) the Retransmission Agreement is governed by New York law.  None of these factors, separately or combined, trumps the interest in ensuring that the dispute over the Retransmission Agreement is resolved in a single forum.  The handful of witnesses that NBCU identifies are NBCU employees, not non-party witnesses; NBCU, not Dish or the witnesses, would bear the costs of producing them in California.  See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402  (S.D.N.Y. 2005) ("The convenience of non-party witnesses is accorded more weight than that of party witnesses.").  Moreover, because the contract interpretation dispute between NBCU and DISH will be heard in the California Action in any event, any potential inconvenience to some witnesses "is significantly outweighed by the convenience of providing

testimony in a single consolidated action." <u>Goggins v. Alliance Capital Mgmt., L.P.</u>, 279 F. Supp. 2d 228, 233 (S.D.N.Y. 2003).  Moreover, while it is true that the Retransmission Agreement is governed by New York law, courts "'routinely [hold] that the 'governing law' factor is to be accorded little weight on a motion to transfer venue . . . because federal courts are deemed capable of applying the substantive law of other states.'" <u>Aguiar v. Natbony</u>, No. 10 Civ. 6531(PGG), 2011 WL 1873590, at *10 (S.D.N.Y. May 16, 2011) (quoting <u>Ivy Soc'y Sports Group, LLC v. Baloncesto Superior Nacional</u>, No. 08 Civ. 8106(PGG), 2009 WL 2252116, at *8 (S.D.N.Y. July 28, 2009)).

The Court has considered the remainder of Dish's objections to transfer and finds them meritless.

<u>CONCLUSION</u>

For the foregoing reasons, NBCU's motion to transfer is granted.  The Clerk of Court is requested to effectuate the transfer to the United States District Court for the Central District of California of only that portion of this action in which Plaintiff Dish asserts a claim against Defendant NBCU.  NBCU's counterclaims in this action are dismissed, without prejudice, in favor of the affirmative breach of contract claims that NBCU has interposed in the California Action.  This Memorandum Opinion and Order terminates docket entry no. 114.

SO ORDERED.

Dated: New York, New York
       March 15, 2013

                                        /S
                              LAURA TAYLOR SWAIN
                              United States District Judge